NORTH CAROLINA             FILED      IN THE GENERAL COURT OF JUSTICE
)          SUPERIOR COURT DIVISION
FORSYTH COUNTY    09 JAN 20 PM 3:46      08 CVS 9951

FORSYTH COUNTY, C.S.C.

| | |
|---|---|
| DIANN SWEET, | ) |
|       Plaintiff, | ) |
| | )    COMPLAINT |
| v. | ) |
| | ) |
| BANK OF AMERICA | ) |
| CORPORATION, | ) |
| | ) |
|       Defendant. | ) |

Plaintiff, complaining of defendant, states and alleges the following:

## ACTION

1. This is an action against defendant for unlawful and wrongful discrimination, treatment and discharge of plaintiff's employment on the basis of her age in violation of the public policy of North Carolina.; and the Age Discrimination in Employment Act (hereafter "ADEA"), 29 U.S.C. § 621, *et seq.*

## PARTIES

2. The plaintiff, Diann Sweet, is a resident of Forsyth County, North Carolina. Plaintiff was born on June 17, 1944, and is presently 64 years of age. During the time pertinent to plaintiff's claim, plaintiff was an "employee" entitled to the protection of N.C.Gen.Stat. § 143-422.2, and the ADEA.

3. The defendant, Bank of America Corporation, is a corporation organized and existing under the laws of the State of North Carolina. Defendant engages in the business of banking, and its principal place of business is in Mecklenburg County, North Carolina. Defendant transacts business in Forsyth County. At all times pertinent to this action, defendant employed over 15 employees and was otherwise an "employer" within the meaning of N.C.Gen.Stat. § 143-422.2, and the ADEA.

## ADMINISTRATIVE PROCEDURES

4. On or about January 10, 2008, plaintiff filed a charge of discrimination with the

Equal Employment Opportunity Commission in Greensboro, North Carolina, in which she alleged that acts, policies and practices of defendant discriminated against her on the basis of her age, and were taken in retaliation against her for her complaints of age discrimination. On September 29, 2008, the Equal Employment Opportunity Commission issued its notice terminating its investigation of plaintiff's charge. Plaintiff has complied with all procedural prerequisites to the filing of this claim.

## FACTS

5. Plaintiff was initially employed by defendant on April 1, 1977, and worked continuously for defendant for over 30 years until her termination as set forth below.

6. Plaintiff most recently served in the position of personal banker/assistant vice-president for defendant.

7. Of the other employees in the same or similar positions, plaintiff was the oldest or one of the oldest employees.

8. During the last years of her employment with defendant, plaintiff was forced to transfer to inferior positions and new locations on repeated occasions, which prevented her from maintaining her established clientele; and plaintiff was otherwise treated unfavorably by her managers and supervisors.

9. In addition, in each new location, plaintiff was required to train younger manager trainees with no banking experience who were then permitted to compete with plaintiff for new business.

10. Nevertheless, at all times pertinent to this action, plaintiff met or exceeded any reasonable expectations of defendant in the performance of the responsibilities of her job.

11. On July 18, 2007, plaintiff was terminated from her employment with defendant.

12. Defendant had posted and advertised for a replacement for plaintiff's position for months prior to her termination, without her knowledge.

13. Upon information and belief, before or after plaintiff's termination, defendant hired her replacement who was younger and less experienced and qualified than plaintiff to perform the responsibilities of her job.

14. As a proximate result of defendants' actions, plaintiff has suffered substantial losses, including loss of past and future income, Social Security benefits, and other employment benefits; and has suffered mental and emotional distress, anxiety, anguish, depression, loss of enjoyment of life, embarrassment, humiliation, injury to her professional reputation and good name, and other losses to be shown at trial.

2

## FIRST CLAIM FOR RELIEF
### Wrongful Treatment and Discharge Against Public Policy

15. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

16. The public policy of North Carolina, as expressed in N.C. Gen. Stat. § 143-422.2, mandates that employers of fifteen or more employees shall not discriminate or retaliate on the basis of age. At all times pertinent to this claim, defendant employed in excess of fifteen employees.

17. Defendant has committed acts, and followed policies and practices which discriminated and retaliated against plaintiff because of her age in violation of the public policy of North Carolina. The discriminatory acts, policies and practices include, but are not limited to, the following:

   (a) Repeatedly transferring plaintiff to different branches of defendant's bank, which effectively prevented her from maintaining and increasing her clientele;

   (b) Requiring plaintiff to spend substantial time in training younger employees; and

   (c) Terminating plaintiff's employment with defendant.

18. As a direct and proximate result of defendant's wrongful treatment and discharge of plaintiff, plaintiff has suffered losses, as described above, for which she is entitled to recover compensatory damages in an amount in excess of $10,000.00, to be proven at trial.

19. Defendant's acts, policies and practices, as described above, were wilful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of the plaintiff to be free from discrimination. Aggravating circumstances include those acts specifically described in ¶¶ 7-13 above. Accordingly, plaintiff is entitled to recover punitive damages in an amount to be proven at trial in accordance with Chapter 1B of the North Carolina General Statutes.

## SECOND CLAIM FOR RELIEF
### Age Discrimination Claim

20. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

21. Defendant has committed acts, and followed policies and practices which discriminated against plaintiff because of her age in violation of the Age Discrimination in Employment Act, *29 U.S.C. § 621, et seq.* The discriminatory acts, policies and practices

3

include, but are not limited to, the following:

    (a)    Repeatedly transferring plaintiff to different branches of defendant's bank, which effectively prevented her from maintaining and increasing her clientele;

    (b)    Requiring plaintiff to spend substantial time in training younger employees; and

    (c)    Terminating plaintiff's employment with defendant.

22. As a direct and proximate result of defendants' wrongful treatment and discharge of plaintiff, plaintiff has suffered losses, as described above, for which plaintiff is entitled to recover compensatory damages in an amount in excess of $10,000.00, to be proven at trial; and in addition, liquidated damages and attorneys' fees pursuant to 29 U.S.C. § 626.

## PRAYER FOR RELIEF

Plaintiff hereby requests the following relief:

1) That this Court issue a declaratory judgment that the acts of defendant in terminating and otherwise mistreating plaintiff were in violation of the public policy of North Carolina and the ADEA which prohibit age-based discrimination;

2) That this Court order immediate reinstatement of the plaintiff to her former position with defendant;

3) That plaintiff recover of defendant compensatory damages in excess of $10,000.00, to be proven at trial;

4) That plaintiff recover punitive damages in an amount in the discretion of the jury;

5) That plaintiff recover liquidated damages and attorney's fees pursuant to 29 U.S.C. § 626;

6) That plaintiff recover pre-judgment and post-judgment interest on all of her damages proven at trial; and

7) That this Court grant such other and further relief that the Court deems just and appropriate.

The plaintiff hereby demands a trial by jury on all issues presented herein.

This the 20th day of January, 2009.

4

/s/
                                                    _____
                                                    Robert M. Elliot (7709)
                                                    Helen L. Parsonage (35492)
                                                    Attorney for Plaintiff

OF COUNSEL:

ELLIOT PISHKO MORGAN, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
(336) 724-2828

5